IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:25cv933-MHT |
| | ) | (WO) |
| $7,007.43 SEIZED FROM PNC | ) | |
| BANK ACCOUNT NUMBER | ) | |
| XX-XXXX-4997 IN THE NAME | ) | |
| OF JINNA C. MOORE and | ) | |
| $7,936.66 SEIZED FROM PNC | ) | |
| BANK ACCOUNT NUMBER | ) | |
| XX-XXX-5829 IN THE NAME OF | ) | |
| PAYPER ROUTE FREIGHT | ) | |
| BROKERS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

DECREE OF FORFEITURE

On November 24, 2025, plaintiff United States of America filed a verified complaint for forfeiture *in rem* claiming that the 'defendant moneys' are subject to forfeiture under three different provisions: (1) pursuant to 21 U.S.C. § 881(a)(6), which provides for the forfeiture of "[a]ll moneys ... furnished or intended to be furnished by any person in exchange for

a controlled substance ... in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys ... used or intended to be used to facilitate any violation of this subchapter", including 21 U.S.C. § 841(a)(1); (2) pursuant to 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of "[a]ny property, real or personal, involved in a transaction or attempted transaction in violation of section 1956" of Title 18; and, (3) pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 18 U.S.C. §§ 1956(c)(7) and 1961(1), which provides for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to" a violation of 21 U.S.C. § 841(a)(1).*

---

* 18 U.S.C. § 981(a)(1)(C) subjects to forfeiture "[a]ny property ... which constitutes or is derived from proceeds traceable to a violation of "an offense that constitutes "specified unlawful activity" as that term is defined in 18 U.S.C. § 1956(c)(7). Section 1956(c)(7), in turn, defines "specified unlawful activity" to include "any act or activity constituting an offense listed in section 1961(1). Section 1961(1),

2

Pursuant to a warrant of arrest *in rem* issued by the clerk of court on November 24, 2025 (Doc. 4), the defendants were served on December 3, 2025. *See* Acknowledgements of Service (Doc. 5 and Doc. 6).

On December 8, 2025, Jinna Moore was served with copies of the notice of complaint for forfeiture, verified complaint for forfeiture *in rem*, and warrant of arrest *in rem* by and through her attorney, Timothy C. Halstrom.  *See* Acknowledgement of Service (Doc 7).

Again, on December 8, Jinna Moore was personally served with copies of the notice of complaint for forfeiture, verified complaint for forfeiture *in rem*, and warrant of arrest *in rem* at the Mac Sim Butler

---

which defines the term "racketeering activity," includes "the felonious manufacture, importation, receiving, concealment, buying, selling, or otherwise dealing in a controlled substance or listed chemical (as defined in section 102 of the Controlled Substances Act), which is chargeable under State law and punishable by imprisonment for more than one year." 18 U.S.C. § 1961(1).

Detention Facility in Montgomery, Alabama. *See* Acknowledgement of Service (Doc 8).

Notice of this civil forfeiture action against the defendants was published for 30 consecutive days on an official government internet site (www.forfeiture.gov), as evidenced by the declaration of publication filed on July 7, 2026. *See* Decl. of Publication (Doc. 30).

On January 16, 2026, Jinna Moore filed an answer to the complaint (Doc. 9), and, on February 17, 2026, claimant Moore filed a verified claim to contest the forfeiture of her interest in the defendants. See Verified Claim (Doc. 12).

On June 30, 2026, mediation took place with Chief United States Magistrate Judge Stephen M. Doyle, during which the parties agreed to settle this action pursuant to the terms set forth below.

On July 6, 2026, plaintiff United States and claimant Moore entered into a stipulation of final settlement (Doc. 28-2) that provides as follows:

4

(1) The United States agrees to release $ 3,736.02 to claimant Moore which represents 25 % of the seized funds.

(2) Claimant Moore consents to the entry of a decree of forfeiture forfeiting the remaining $ 11,208.07 to the United States to be disposed of according to law.

On July 7, 2026, this court approved the settlement between the parties. *See* Order (Doc. 29).

***

Accordingly, upon consideration of the motion for a decree of forfeiture and for good cause shown, it is ORDERED, ADJUDGED, AND DECREED that the motion (Doc. 31) is granted as follows:

(1) Three-thousand seven-hundred thirty-six dollars and two cents ($ 3,736.02) shall be returned to claimant Jinna Moore by the United States Marshals Service.

5

(2) Eleven-thousand two-hundred eight dollars and seven cents ($ 11,208.07) is forfeited to the United States. No right, title, or interest in the currency shall exist in any other party, and it shall be disposed of according to law.

(3) All parties will bear their own costs.

The clerk of the court is DIRECTED to enter this document on the civil docket as a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

This case is closed.

DONE, this the 27th day of July, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE

6